UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHELLE LYNN KREDELL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 13-05166-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Michelle Kredell ("Plaintiff") appeals the Commissioner's final decision denying her application for disability insurance benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating the opinion of Plaintiff's treating physician. The decision of the Commissioner is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits alleging disability beginning April 30, 2007. Administrative Record ("AR") 173-78. After Plaintiff's application was denied, she requested a hearing before an ALJ.

AR 132-33. Hearings were held on April 18, May 2, and September 19, 2011, at which Plaintiff testified, as did a vocational expert ("VE"). AR 77-120. Plaintiff was not represented by counsel at the hearings. AR 79, 88, 113. After the hearing the ALJ issued a ruling in which she found that Plaintiff had the following severe impairments: cervical spondylosis; right shoulder impingement (commonly called "frozen shoulder"); degenerative spurring of the lumbar spine; and type II diabetes. AR 25. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with several additional functional limitations. AR 26. The ALJ then determined, based on the VE's testimony, that Plaintiff was not disabled because she was still capable of performing her past relevant work as an office manager and executive assistant. AR 29.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) failing to give controlling weight to the opinion of Plaintiff's treating physician and not fully crediting the opinion of the consultative examining physician; (2) assessing Plaintiff's credibility; (3) assessing Plaintiff's residual functional capacity ("RFC"); and (4) determining that Plaintiff was capable of performing her past relevant work.[1] See Joint Stipulation ("JS") at 2.

///
///
///

---

[1] Because the Court concludes that the ALJ erred in assessing the opinion of Plaintiff's treating physician, the Court does not reach the remaining issues and will not decide whether these issues would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claims of error.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of her treating physician, Dr. Joni Jordan. JS at 3-5. An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(c)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632

(9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Among the factors to be considered by the adjudicator in determining the weight to give a medical opinion are the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631-33; 20 C.F.R. § 404.1527(c)(2)(i)-(ii).

Dr. Jordan signed a state agency form stating that Plaintiff had a medically verifiable condition that would prevent her from performing certain tasks. AR 610. An affirmative response to this question prompted the doctor to complete a physical capacities form, but no such form appears in the record. Dr. Jordan also answered "No" to a question asking "Is this person able to work?" Id. The ALJ rejected Dr. Jordan's opinion as follows:

> The undersigned gives little weight to [Dr. Jordan's] opinion. It is conclusory, providing no explanation of the evidence relied on in forming that opinion. The opinion is also unsupported by any treatment records demonstrating that the claimant was so limited (Exhibit 22F at 9.) Were the claimant unable to do any sort of work, as opined in Exhibit 19F, this level of dysfunction would certainly be noted in the treatment notes. Dr. Jordan is not a specialist in orthopedics. Additionally, the date was subsequently altered to April 2007 (Exhibit 23F) with no explanation or support for the significant change in onset date. This inconsistency lessens the credibility of Dr. Jordan's assessment.

AR 28-29.

The Court finds that the ALJ did not give specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician. First, and most importantly, although the ALJ purports to reject Dr. Jordan's opinion, the ALJ has not explained exactly what that opinion is. Instead, the ALJ focuses exclusively on a single page from Dr. Jordan's treatment records and rejects it as conclusory. However, from the Court's review of this page, it appears that the primary purpose of this form is for Plaintiff to give authorization to the physician to release her medical records. See AR 610. It would be reasonable to presume that the medical records which were released under this authorization form the basis of Dr. Jordan's opinion. However, because the ALJ does not discuss any of these medical records, the Court cannot determine whether the ALJ properly rejected the treating physician's opinion.

An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ's duty exists whether or not plaintiff is represented by counsel. Tonapetyan, 242 F.3d at 1150. However, when the claimant is unrepresented, the ALJ must be especially diligent in "exploring for all the relevant facts." Id. The ALJ's duty is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

An ALJ may discharge his duty to develop the record in several ways, including: subpoenaing the plaintiff's physician, submitting questions to the physician, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Tonapetyan, 242 F.3d at 1150. "[B]ecause treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue

reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion." Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *6 (July 2, 1996).

Here, what the ALJ termed as a conclusory opinion – Dr. Jordan's opinion that Plaintiff could not work – was in fact a situation where the record was inadequate. Whether Dr. Jordan properly based her opinions on sufficient objective clinical findings is a material question, and one that the ALJ should have afforded Dr. Jordan the opportunity to answer and explain. The Court cannot find such error was harmless, as Dr. Jordan's opinion would suggest a finding of disabled.

Likewise, the ALJ's determination that Dr. Jordan's opinion was "unsupported by any treatment records" is not a specific and legitimate reason. The single page to which the ALJ cites appears to be the last page of a May 21, 2010 progress note signed by Dr. Jordan, which provides some basic description of Plaintiff's general health history. See AR 648. It is unclear why the ALJ cited to this particular record and how this record demonstrates that Dr. Jordan's opinion is unsupported by the record.

Moreover, the Court would have reservations about finding specific and legitimate the ALJ's rejection of Dr. Jordan's opinion because she is not an orthopedic specialist. The regulations provide that generally more weight is given to the opinion of a specialist on medical issues related to his or her area of specialty. 20 CFR § 404.1527(c)(5); Holohan v. Massanari, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001) (a treating physician's opinion may be entitled to little weight "on a matter not related to his or her area of specialization."). The regulations do not specify, however, how to resolve the tension between the rule giving deference to specialists and the rule regarding giving greater weight to the opinion of a treating physician over examining or consulting physicians.

See generally 20 CFR § 404.1527(c); see also Yang v. Barnhart, No. 04-0958, 2006 WL 3694857, at *3 (C.D. Cal. Dec. 12, 2006) (noting that "we have competing rules in play: one says that the treating physician's opinion should be granted deference, the other says that the specialist's opinion should be granted deference" with "very little in the case law to guide the Court as to which rule should be given priority").

In at least one decision, the Ninth Circuit has found that it was improper for the ALJ to have based his rejection of the treating physician's opinion on the ground that he was not a specialist in the area for which he treated plaintiff. See Lester, 81 F.3d at 833. Here, Dr. Jordan's training as an internist encompasses the ability to generally diagnose and treat adult disease, and therefore her practice is not wholly unrelated to Plaintiff's impairments. Given this fact and the ambiguity regarding the weight properly accorded to treating physicians as compared to specialists, the Court finds that Dr. Jordan's lack of certification in orthopedics may not on its own constitute a specific and legitimate reason for rejecting her opinion. As the other reasons provided by the ALJ for rejecting Dr. Jordan's opinion are not supported by substantial evidence, the ALJ has failed to state adequate reasons for rejecting Dr. Jordan's opinion.[2]

Finally, the ALJ found that Dr. Jordan's opinion was not entitled to deference because the onset date had been changed from April 2009 to April 2007 "with no explanation or support for the significant change in onset date." AR 29 (citing AR 673). Although this may be a legitimate reason to reject Dr. Jordan's opinion, the ALJ must first specifically discuss Dr. Jordan's opinion

---

[2] Moreover, Plaintiff notes that Dr. Jordan, as her primary care physician, works as part of a treatment team at Kaiser Permanente with other physicians, including Dr. Maxwell Park, an orthopedic surgeon. See, e.g., AR 640-41, 650-53.

and the basis for it in order to determine whether this ambiguity alone provides a sufficient reason for rejecting the opinion of a treating physician, which is generally entitled to controlling weight.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1176-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). A case should also be remanded where, as here, the ALJ's failure to meet her "heavy burden" of fully and fairly developing the record "may have [ ] prejudiced" the claimant. Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1992) (citations and internal quotation marks omitted).

///
///
///
///
///
///
///
///

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is reversed and the action is remanded for further proceedings consistent with this opinion.

Dated: May 16, 2014

                                        **DOUGLAS F. McCORMICK**
                                        DOUGLAS F. McCORMICK
                                        United States Magistrate Judge